**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000553
29-JUN-2023
07:59 AM
Dkt. 51 SO**

NO. CAAP-22-0000553

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
SAIDO H. SHEIKH, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2DTA-22-00033)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Nakasone, JJ.)

Defendant-Appellant Saido H. Sheikh (**Sheikh**) appeals from the Judgment and Notice of Entry of Judgment (**Judgment**) filed on August 17, 2022, in the District Court of the Second Circuit, Wailuku Division (**District Court**),[1] convicting Sheikh of operating a vehicle under the influence of an intoxicant (**OVUII**) in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(2) (2020).[2]

---

[1]  The Honorable Blaine J. Kobayashi presided.

[2]  HRS § 291E-61(a)(2) provides, in relevant part:

> **§ 291E-61 Operating a vehicle under the influence of an intoxicant.** (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
>
> . . . .
>
> (2) While under the influence of any drug that impairs the person's ability to operate the vehicle in a careful and prudent manner[.]

On appeal, Sheikh raises a single point of error, asserting there was insufficient evidence to support her conviction.  Plaintiff-Appellee State of Hawaiʻi (**State**) argues to the contrary that there was substantial evidence to support the Judgment.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Sheikh's point of error as follows and affirm.

When reviewing the sufficiency of evidence on appeal, the court applies the following standard of review:

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury.  The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.

State v. Kalaola, 124 Hawaiʻi 43, 49, 237 P.3d 1109, 1115 (2010) (citations omitted) (brackets in original).  "Substantial evidence" is "credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion."  Id. (citation omitted).  In a bench trial, the trial judge, as the trier of fact, "is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence."  State v. Batson, 73 Haw. 236, 249, 831 P.2d 924, 931 (1992) (citation omitted).

The District Court held a bench trial and heard testimony from Officer Raul Mehra (**Officer Mehra**) of the Maui Police Department and from Sheikh.  The District Court also admitted the State's exhibits into evidence, which Sheikh does not contest on appeal.

When issuing its guilty verdict, the District Court found Officer Mehra to be credible and cited the following evidence: Officer Mehra's body camera footage (State's Exhibit 1); his observation of Sheikh operating her vehicle and "drifting over the fog line[;]" his detection of a strong odor of burnt

marijuana upon pulling her over; her red and glossy eyes; her slurred speech; his observations regarding her response to his request for her license, insurance, and registration; her performance on field sobriety tests; and Sheikh's admission to Officer Mehra that she had smoked marijuana earlier in the day. The court stated that "based upon all of the testimony that was elicited in this case, including [the] summary of the facts that the Court has just stated . . . the Court finds for the record that the State has proven beyond a reasonable doubt all of the elements of the charge."

Sheikh contends there was insufficient evidence to support the Judgment because: (1) the record reflects that she used her turn signal, was not cited for any traffic violations, pulled over safely, and did not brake abruptly or attempt to flee; (2) the smell of marijuana could have emanated from the passenger in her vehicle or from the marijuana she smoked five hours earlier; (3) the State did not present any evidence that Sheikh's soft, slurred speech was not her normal speech pattern and the red, glassy, watery appearance of Sheikh's eyes were not their normal appearance; (4) Officer Mehra failed to comply with an online twelve-step process to examine whether a suspect was driving under the influence of drugs, citing a website setting forth twelve steps; and (5) the State did not present any evidence as to how long marijuana stayed in a person's system or how smoking marijuana five hours earlier would affect a person's ability to operate a vehicle.

Sheikh does not dispute the evidence relied upon by the District Court.  Rather, her arguments appear to challenge the District Court's assignment of weight to the evidence in the record, the inferences drawn therefrom, and whether the citing officer erred by failing to follow a twelve-step process found online.

We conclude there was substantial evidence to support the District Court's conviction of Sheikh.  The evidence showed that Officer Mehra was directly behind a vehicle operated by Sheikh when it "got into the right lane from the left lane and

she drifted and crossed the white solid fog line on the right hand shoulder."  The passenger-side front and rear wheels of Sheikh's vehicle drifted over the fog line for two seconds. After initiating a stop and approaching the vehicle, Officer Mehra saw Sheikh in the driver's seat, observed a "strong odor of marijuana," and noticed that Sheikh had "glossy, watery eyes and she was slurring her speech."  Officer Mehra also testified that Sheikh seemed dazed and confused.  When Officer Mehra asked for her driver's license, vehicle registration and insurance, Sheikh produced her license and gave him a blank stare; he reminded her he still needed the registration and insurance; with the help of a passenger in the front seat Sheikh provided her registration, but was unable to find her insurance information, which she tried to find on her phone.

When asked to participate in a field sobriety test, Sheikh stepped out of her vehicle and Officer Mehra testified, among other things, that: he did not observe nystagmus when administering the horizontal gaze nystagmus test; when he administered the walk and turn test, during the first nine steps he observed Sheikh step off the line twice, fail to walk heel to toe three times, stop walking twice, and take two more steps than instructed; Sheikh did not correctly turn during the test; after the turn, he observed Sheikh step off the line twice and only take eight steps instead of nine and without counting out loud as instructed; he then administered the one leg stand test, observing Sheikh put her arms up during the first ten seconds and the second ten seconds of the test against instructions; he then administered the modified Romberg test, instructing Sheikh to imagine the passage of thirty seconds with her eyes closed and Sheikh's estimated passage of thirty seconds was fifteen seconds. While administering the field sobriety test, Officer Mehra "still smelled the odor of marijuana coming from her."

Officer Mehra's body camera video shows his interactions with Sheikh, including that she told him she had used marijuana earlier that day.  Moreover, in her testimony, Sheikh acknowledged telling Officer Mehra that she had smoked

marijuana five hours before, although she seemed to claim it did not contain THC.

Given the record in this case, there was substantial evidence that Sheikh operated a vehicle "[w]hile under the influence of any drug that impairs the person's ability to operate the vehicle in a careful and prudent manner."  HRS § 291E-61(a)(2); see State v. Spinelli, CAAP-14-0001357, 2016 WL 937625, at *2-3 (Haw. App. Mar. 11, 2016) (SDO) (considering defendant's red, watery, and glassy eyes, the odor of burnt marijuana, the defendant's admission to smoking marijuana prior to being stopped, and the defendant's performance on a field sobriety test in determining there was substantial evidence to support the defendant's OVUII conviction).  Thus, there was sufficient evidence to support the District Court's conviction of Sheikh.

Therefore, IT IS HEREBY ORDERED that the Judgment and Notice of Entry of Judgment, entered on August 17, 2022, by the District Court of the Second Circuit, Wailuku Division, is affirmed.

DATED:  Honolulu, Hawaiʻi, June 29, 2023.


On the briefs:                    /s/ Lisa M. Ginoza
                                  Chief Judge
John F.H. Chow,
Deputy Public Defender            /s/ Katherine G. Leonard
for Defendant-Appellant           Associate Judge

Richard B. Rost,                  /s/ Karen T. Nakasone
Deputy Prosecuting Attorney       Associate Judge
for Plaintiff-Appellee